**Charles E. Hathaway, Appellee, v. Henry E. Bole, Appellant.**

**Gen. No. 6,997.**

Principal and surety—*when surety without recourse against person liable under original partnership note.* Where a note given for the benefit of a partnership consisting of defendant and another was signed in the firm name "by W. J. Moore," defendant's partner, and by plaintiff and, after dissolution of the partnership and the payment by defendant to Moore of one-half the amount of the note, a new note was given and the old one canceled and surrendered, the new note being signed by Moore, in his own name only, and by plaintiff, the facts were sufficient to put plaintiff upon inquiry, and had he investigated he would have learned that defendant had paid his share of the note to Moore, that the latter had assumed payment and defendant was being relieved of liability, and Moore

was becoming the sole debtor and plaintiff surety to Moore alone, and therefore, upon Moore's becoming bankrupt and plaintiff's being compelled to pay the second note, he would have no recourse upon defendant.

Appeal from the Circuit Court of Carroll county; the Hon. HARRY EDWARDS, Judge, presiding. Heard in this court at the October term, 1921. Reversed with finding of facts. Opinion filed February 23, 1922.

JOHN L. BREARTON, for appellant.

CHARLES E. STUART, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is an action of assumpsit, brought in the circuit court of Carroll county by Charles E. Hathaway against Henry E. Bole to recover a debt which Hathaway paid and for which debt plaintiff claims that Bole was principal and Hathaway was surety. The pleadings were the common counts, limited by a bill of particulars, and the general issue. A jury was waived. At the close of plaintiff's evidence and again at the close of all the evidence, defendant moved for a judgment in his favor. Both motions were denied. No propositions of law or findings of facts were presented. The court found for plaintiff and assessed plaintiff's damages at $621, which was due if defendant was liable. Plaintiff had judgment and defendant appeals.

In March, 1920, Bole and W. J. Moore were partners under the name, Opera House Garage. The firm borrowed $600 at the First National Bank and gave a note therefor, due in six months, signed "Opera House Garage by W. J. Moore, Chas. Hathaway." This note bound Bole because "Opera House Garage" was the firm name. In May, 1920, the copartnership was dissolved. Bole sold out to Moore and Moore continued the business. In settling the partnership affairs Bole paid Moore for one-half the amount of

this outstanding note and Moore assumed its payment. On September 8, 1920, that note became due. A new note was executed, signed by Moore in his own name, and by Hathaway. Moore paid the interest on the first note and the bank accepted the second note and marked the first note canceled, and surrendered it to Moore. The bank's records showed the first note paid. Afterwards Moore went into bankruptcy and when the second note came due, on March 8, 1921, Hathaway paid it with interest. Hathaway then sued Bole to recover the payment. Hathaway's counsel contends that if Hathaway had paid the first note when due, Bole would have been liable to him, because Bole was a partner under the name "Opera House Garage"; and that the result was the same if he paid it by a new note; and that by the second note he discharged Bole's liability to the bank, and Bole was therefore liable to him. This reasoning does not take into account all the circumstances. Before Hathaway signed the second note he knew that the partnership had been dissolved, and that Bole had retired and Moore continued the business. He knew that on the first note Bole was liable, under the first name, "Opera House Garage," and that the second note was not signed by Bole nor by any firm name; that Moore was the only principal and he was the surety for Moore. We are of opinion that if he still desired to hold Bole responsible, the facts which he did know put him upon inquiry as to why Bole did not sign the second note, and he would then have learned that Bole had paid to Moore his share of said note and that Moore had assumed and agreed to pay it. He would therefrom have learned that by this change of notes, Bole was being relieved of all liability for the first note and the debt evidenced thereby and that Moore was thereby becoming the sole principal debtor and Hathaway was thereby making himself surety for Moore only. We are of opinion that when the old note

was canceled and this new note was given, Bole ceased to be-liable to any one and that he is not liable to Hathaway. As there is no conflict in the evidence and the facts all seem to be in the record, we think it unnecessary to remand the cause.

The judgment is therefore reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment. We find from the evidence that Bole is not indebted to Hathaway under the evidence in this case for the cause of action set out in the bill of particulars or any other cause of action concerning which any proof is contained in this record.